[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Williams v. Sutula,* Slip Opinion No. 2016-Ohio-7453.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7453

THE STATE EX REL. WILLIAMS, APPELLANT, *v.* SUTULA, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Williams v. Sutula,* Slip Opinion No. 2016-Ohio-7453.]

*Mandamus—Appellant's claim lacks merit, and he had an adequate remedy at law—Court of appeals' judgment denying petition affirmed.*

(No. 2016-0285—Submitted August 16, 2016—Decided October 26, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County, No. CA-103565, 2016-Ohio-408.

_____

**Per Curiam.**

{¶ 1} We affirm the judgment of the Eighth District Court of Appeals denying a petition for a writ of mandamus that was filed by appellant, Willis F. Williams.  In 1979, Williams was sentenced to 7 to 25 years' incarceration for aggravated burglary and 7 to 25 years' incarceration for attempted murder, with the sentences to be served consecutively.  *See State v. Williams*, 8th Dist. Cuyahoga

No. 41318, 1980 WL 354980 (Sept. 11, 1980). In 2015, Williams filed a motion to vacate the attempted-murder conviction, which appellee, Judge John D. Sutula, denied.

{¶ 2} Williams then filed this action in mandamus in the court of appeals against Judge Sutula, claiming that the trial court had lacked jurisdiction to convict him of attempted felony murder. Judge Sutula filed a motion for summary judgment, which the court of appeals granted. Williams appealed to this court.

{¶ 3} To be entitled to a writ of mandamus, Williams must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Sutula to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Williams must prove that he is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 4} Williams claims that because we determined in *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, that attempted felony murder is not a crime in Ohio, the trial court lacked jurisdiction to convict him of that crime and, thus, his conviction for attempted felony murder is void and should be vacated. The court of appeals granted Judge Sutula's motion for summary judgment because Williams was convicted in 1979 and the murder statute at that time did not include a provision for felony murder. Former R.C. 2903.02, Am.Sub.H.B. No. 511, 134 Ohio Laws, Part II, 1866, 1901. Felony murder was not a crime until 1998, when division (B) was added to R.C. 2903.02. Sub.H.B. No. 5, 147 Ohio Laws, Part I, 175, 176. Williams could not have been convicted of attempted felony murder, because felony murder was not a crime at the time he was convicted of attempted murder. Therefore, his claim is without merit.

{¶ 5} Moreover, Williams could appeal the denial of his motion to vacate his sentence. The right to appeal is considered an adequate remedy sufficient to preclude a writ of mandamus. *State ex rel. Priest v. Dankof*, 143 Ohio St. 3d 82,

2015-Ohio-165, 34 N.E.3d 863, ¶ 2, citing *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.

{¶ 6} Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Willis F. Williams, pro se.

Timothy McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

_____