[Cite as *State v. Lewis*, 2017-Ohio-8604.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-29 |
| | : | |
| v. | : | T.C. NO. 16-CR-170 |
| | : | |
| ERIN L.N. LEWIS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# **O P I N I O N**

Rendered on the 17th day of November, 2017.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

SCOTT N. BLAUVELT, Atty. Reg. No. 0068177, 315 S. Monument Avenue, Hamilton, Ohio 45011
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} On June 2, 2016, defendant Erin N. Lewis was indicted on charges of Possession of Marijuana, Possession of Cocaine, and Illegal Use of Drug Paraphernalia.

On July 20, 2016, Lewis filed a motion for ILC. On August 30, 2016, the trial court accepted Lewis' guilty plea to Count One, Possession of Marijuana, a minor misdemeanor, in violation of R.C. 2925.11 (A)(C)(3)(a); Count Two, Possession of Cocaine, a fifth degree felony, in violation of R.C. 2925.11(A)(C)(4)(a); and Count Three, Illegal Use or Possession of Drug Paraphernalia, a fourth degree misdemeanor, in violation of R.C. 2925.14 (C)(1)(F)(1). The trial court ordered an assessment report, which concluded that Lewis had violated bond by using illegal controlled substances, albeit, Lewis was eligible for ILC. At the Disposition on September 29, 2016, the trial court granted ILC, and imposed two years of supervision. Lewis appeals from this decision.

{¶ 2} Lewis' appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal. Counsel set forth three possible assignments of error, (1) whether the trial court properly advised Lewis of her waiver of rights pursuant to Crim.R. 11, (2) whether the trial court complied with the requirements of R.C. 2951.041(D) in imposing the plan for Intervention in Lieu of Conviction, and (3) whether any conditions of the plan for Intervention in Lieu of Conviction were contrary to law, including payment of court costs and court-appointed counsel fees. By entry, we informed Lewis that her attorney had filed an *Anders* brief on her behalf and granted 60 days from that date to file a pro se brief. No pro se brief has been filed.

{¶ 3} We do not need to conduct an independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), as we conclude that the order granting ILC is not a final appealable order.

{¶ 4} ILC allows the trial court to stay criminal proceedings and order an offender

to complete a rehabilitation program if the court has reason to believe that drug or alcohol use, mental illness, or an intellectual disability was a factor leading to the commission of a crime. R.C. 2951.041 (A). When ILC is imposed, "[t]he court shall place the offender under the general control and supervision of the county probation department or adult parole authority….as if the offender was subject to a community control sanction." R.C. 2951.041 (D).

{¶ 5} At the dispositional hearing, the trial court found, pursuant to the assessment report, that Lewis had violated the conditions of her bond by using illegal controlled substances on August 13, 2016 and August 20, 2016. Nevertheless, the trial court granted ILC for a period of two years, with the conditions that Lewis successfully completes substance abuse and alcohol dependency counseling arranged by the Adult Parole Authority, as well as a requirement to pay court costs and court appointed legal fees.

{¶ 6} On September 15, 2017, we issued a show cause order, and Lewis has not responded. We conclude that the state filed a response on October 12, 2017 acknowledging ILC has been granted. The court's order of September 29, 2016 is not a final appealable order. *See generally State v. Dempsey*, 8th Dist. Cuyahoga No. 82154, 2003-Ohio-2579, ¶ 9; *State v. Bellman*, 9th Dist. Lorain No. 15CA010525, 2015-Ohio-2303, ¶ 10.

{¶ 7} Accordingly, the matter is dismissed for lack of a final appealable order.

. . . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

Kevin Talebi
Scott N. Blauvelt
Erin L.N. Lewis
Hon. Nick A. Selvaggio