[Cite as *State ex rel. Sands v. Culotta*, 2020-Ohio-3092.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

STATE OF OHIO ex rel.
JOSEPH A. SANDS,

      Relator,

  - vs -

LAKE COUNTY COMMON PLEAS
COURT, JUDGE VINCENT A. CULOTTA,

      Respondent.

:      **PER CURIAM OPINION**

:

:      **CASE NO. 2020-L-042**

:

:

:

:

Original Action for Writ of Mandamus.

Judgment: Petition dismissed.

*Joseph A. Sands*, pro se, PID# A664-601, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Relator).

*Charles E. Coulson*, Lake County Prosecutor, and *Michael L. DeLeone*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent, Lake County Common Pleas Court Judge Vincent A. Culotta).

PER CURIAM

{¶1}    Pending before this court is relator, Joseph A. Sands', petition for Writ of Mandamus, filed on March 20, 2020, and respondent, Lake County Court of Common Pleas Judge Vincent A. Culotta's, Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed on April 1, 2020. Sands filed a Reply Memorandum on May 8, 2020.

{¶2} Sands' seeks a writ commanding Judge Culotta to dismiss his Judgment of Conviction in Lake County Common Pleas Case No. 06CR000401 as void on the grounds that it was obtained by perjured testimony. The petition alleges, in relevant part:

> [O]n or about Dec. of 2018 the Relator filed a motion challenging the trial court's "Subject Matter Jurisdiction/Jurisdiction" based on the fact that the State's prosecutor had obtained a conviction of the Relator on [the fact] known to the prosecutor and the trial court judge that the State's key witness had told a lie on the stand and perjured himself. So the State's conviction was obtained through the use of perjured testimony of the State's only key witness. So the Relator could never [have] received a fair trial causing the conviction to be VOID. The trial court denied this motion on Feb. 11, 2019.
>
> The Relator timely file[d] his Notice of Appeal to the 11th Appellate District of Ohio in the beginning of April 2019. The 11th Appellate Court of Ohio denied said appeal on Dec. 2, 2019.
>
> The Relator then timely file[d] his Notice of Appeal which is a jurisdictional appeal to the State Supreme Court of Ohio, on Jan. 1, 20[20] which of course the Supreme Court of Ohio declined to accept jurisdiction over said appeal * * * on Feb. 18, 2020. So as this Appellate Court can clearly see, the Relator has no other remedy of law by way of the appeal process but for this mandamus action which is afforded to the Relator by our United States Constitution.

{¶3} Judge Culotta seeks the dismissal of the petition in the first instance for failure to state a claim upon which relief may be granted pursuant to Civil Rule 12(B)(6).

{¶4} "[D]ismissal of a mandamus complaint under Civ.R. 12(B)(6) * * * is appropriate only if it 'appear[s] beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor.'" *State ex rel. Peoples v. Schneider*, __ Ohio St.3d __, 2020-Ohio-1071, __ N.E.3d __, ¶ 6, citing

2

*State ex rel. Zander v. Judge of Summit Cty. Common Pleas Court*, 156 Ohio St.3d 466, 2019-Ohio-1704, 129 N.E.3d 401, ¶ 4.

{¶5} "The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law." R.C. 2731.05. "The right to appeal is considered an adequate remedy sufficient to preclude a writ of mandamus." *State ex rel. Williams v. Sutula*, 147 Ohio St.3d 472, 2016-Ohio-7453, 67 N.E.3d 763, ¶ 5. "And the fact that a prior appeal was unsuccessful or even wrongly decided does not mean that it was not an *adequate* remedy." *State ex rel. Peoples v. Johnson*, 152 Ohio St.3d 418, 2017-Ohio-9140, 97 N.E.3d 426, ¶ 11; *State ex rel. Jefferson v. Russo*, __ Ohio St.3d __, 2020-Ohio-338, __ N.E.3d __, ¶ 11 ("[t]he availability of an appeal is an adequate remedy even if the relator * * * fails to pursue it or is unsuccessful").

{¶6} The allegations of Sands' petition demonstrate the existence of a plain and adequate remedy in the ordinary course of law by way of appeal which he pursued, albeit unsuccessfully, to this court and the Ohio Supreme Court. Accordingly, the petition must be dismissed. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus ("[w]hen a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ").

{¶7} Sands conflates the notions of having an adequate remedy at law by way of an appeal with the exhaustion of appellate remedies. *See* Reply Memorandum at 4

("the relator has clearly exhausted his state remedy appeal process * * * causing the relator to have nothing by way of appeal"). Sand's mandamus petition must be dismissed because the appeal process was available to challenge his conviction. It is the availability of the process, not its exhaustion, that precludes this court from exercising its jurisdiction.

{¶8} Respondent's Motion to Dismiss is granted and the petition is hereby dismissed.

THOMAS R. WRIGHT, J., MATT LYNCH, J., MARY JANE TRAPP, J., concur.

4