[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Culotta*, Slip Opinion No. 2021-Ohio-1137.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1137

THE STATE EX REL. SANDS, APPELLANT, *v.* CULOTTA, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Sands v. Culotta*, Slip Opinion No. 2021-Ohio-1137.]

*Mandamus—Jurisdiction—Court of appeals' judgment was a final, appealable order—Appellant had adequate remedy in the ordinary course of the law to seek correction of alleged errors in award of jail-time credit—Court of appeals' judgment affirmed.*

(No. 2020-0837—Submitted January 26, 2021—Decided April 7, 2021.)

APPEAL from the Court of Appeals for Lake County,

No. 2020-L-042, 2020-Ohio-3092.

_____

**Per Curiam.**

{¶ 1} Appellant, Joseph A. Sands, appeals the judgment of the Eleventh District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, Lake County Common Pleas Court Judge Vincent A. Culotta. We affirm.

## Background

{¶ 2} In December 2006, Sands was convicted in the Lake County Common Pleas Court of conspiracy to commit aggravated murder and other felonies and sentenced to an aggregate prison term of 20 years. Sands filed with the trial court a motion to correct his award of jail-time credit. Judge Culotta granted the motion and issued a judgment entry crediting Sands with additional jail-time credit, but Sands still believed that the court had failed to provide him with the correct amount of jail-time credit.

{¶ 3} Sands unsuccessfully appealed the trial court's judgment on his jail-time-credit motion to the Eleventh District. *See State v. Sands*, 11th Dist. Lake Nos. 2019-L-022 and 2019-L-023, 2019-Ohio-4925. He then sought discretionary review of the Eleventh District's judgment in this court, which we denied. *See* 158 Ohio St.3d 1412, 2020-Ohio-518, 139 N.E.3d 933.

{¶ 4} On March 23, 2020, Sands filed two mandamus complaints in the Eleventh District. In one of those cases, Sands sought a writ of mandamus against Lake County Prosecuting Attorney Charles E. Coulson, alleging that Coulson had a duty to dismiss Sands's convictions because they were obtained through perjured testimony. The court of appeals granted Coulson's motion to dismiss that complaint. *See State ex rel. Sands v. Coulson*, 11th Dist. Lake No. 2020-L-041, 2020-Ohio-3246, ¶ 7.

{¶ 5} In the other case, which led to the appeal now before this court, Sands sought to compel Judge Culotta to conduct a new sentencing hearing and to correct Sands's jail-time-credit award. The court of appeals granted Judge Culotta's motion to dismiss that complaint. 2020-Ohio-3092, ¶ 8. However, the court's opinion did not address the jail-time-credit issue. Instead, the court—perhaps assuming that the two mandamus complaints raised the same issue—characterized Sands's complaint as seeking a writ of mandamus to compel Judge Culotta to dismiss his convictions "as void on the grounds that [they were] obtained by

perjured testimony." *Id*. at ¶ 2. The court of appeals held that the complaint failed to state a claim in mandamus, because Sands had an adequate remedy in the ordinary course of the law by which to raise his perjury allegation. *Id*. at ¶ 6.

{¶ 6} Sands appealed to this court.

**Legal analysis**

*Is the court of appeals' judgment of dismissal a final, appealable order?*

{¶ 7} Before turning to the merits of this appeal, we must first consider Sands's contention that this court lacks jurisdiction because the court of appeals' judgment of dismissal is not a final, appealable order. Our appellate jurisdiction extends only to orders that are final and appealable. Ohio Constitution, Article IV, Sections 2(B)(2) and 3(B)(2). Under Article IV, Section 2(B)(2)(a)(i) of the Ohio Constitution, cases originating in Ohio's courts of appeals may be appealed to this court as a matter of right. "R.C. 2505.03, however, limits the appellate jurisdiction of courts, including the Supreme Court, to the review of final orders, judgments, or decrees. This jurisdictional issue cannot be waived and may be raised by this court sua sponte." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 4. A court's order is final and appealable if the requirements of R.C. 2505.02 are met. *Id.* at ¶ 5.

{¶ 8} An order is final and appealable when it is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1); *Crown Servs., Inc. v. Miami Valley Paper Tube Co.*, ___ Ohio St.3d ___, 2020-Ohio-4409, ___ N.E.3d ___, ¶ 27. "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989). The court of appeals' judgment in this case satisfies that finality requirement. Notwithstanding the judgment's failure to address the

sole claim in the complaint—whether Sands is entitled to a writ of mandamus compelling a recalculation of his jail-time credit—the court of appeals denied the writ in a judgment that will have the effect of res judicata. *See State ex rel. Arcadia Acres v. Ohio Dept. of Job & Family Servs.*, 123 Ohio St.3d 54, 2009-Ohio-4176, 914 N.E.2d 170, ¶ 15 (holding that a dismissal for failure to state a claim upon which relief can be granted operates as an adjudication on the merits, such that res judicata applies).

{¶ 9} We hold that the court of appeals' judgment is final and appealable, and so we turn to the issue whether the court of appeals properly dismissed the mandamus complaint for failure to state a claim upon which relief can be granted.

*The complaint does not state a cognizable mandamus claim*

{¶ 10} Sands is ultimately seeking a writ of mandamus to compel Judge Culotta to recalculate his jail-time credit. Sands is correct that the court of appeals failed to address the claim he actually asserted and that it therefore dismissed the complaint for an erroneous reason. However, we will not reverse a correct judgment merely because erroneous reasons were given for it. *Salloum v. Falkowski*, 151 Ohio St.3d 531, 2017-Ohio-8722, 90 N.E.3d 918, ¶ 12.

{¶ 11} To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6, 13. For a court to dismiss a mandamus complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in the relator's favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). We review de

novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10.

{¶ 12} Alleged errors regarding an award of jail-time credit are not cognizable in mandamus, because the inmate may raise that issue in his direct appeal of his criminal conviction, *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 10, or in a postsentence motion to correct jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii). Because there is an adequate remedy in the ordinary course of the law, a writ of mandamus against the sentencing judge will not lie. *See State ex rel. Jones v. O'Connor*, 84 Ohio St.3d 426, 704 N.E.2d 1223 (1999); *see also State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 13 ("the denial of a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) is a final, appealable order"). As noted above, Sands previously filed a motion to correct his jail-time credit and pursued an unsuccessful appeal when that motion was denied. *See Sands*, 11th Dist. Lake Nos. 2019-L-022 and 2019-L-023, 2019-Ohio-4925. Thus, his claim is also barred by the doctrine of res judicata. For these reasons, the mandamus complaint was properly dismissed.

{¶ 13} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY and BRUNNER, JJ., concur in judgment only.

————————————

Joseph A. Sands, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for appellee.

————————————