[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Yontz*, Slip Opinion No. 2022-Ohio-2745.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-2745

THE STATE OF OHIO, APPELLEE *v.* YONTZ, APPELLANT.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Yontz*, Slip Opinion No. 2022-Ohio-2745.]

*R.C. 2951.041—Intervention-in-lieu-of-conviction ("ILC") supervision—Order denying the modification of the conditions of ILC is not a final, appealable order—Court of appeals' judgment vacated.*

(No. 2021-0382—Submitted March 29, 2022—Decided August 11, 2022.)

APPEAL from the Court of Appeals for Guernsey County,

No. 20CA000010, 2021-Ohio-382.

————————————

**O'CONNOR, C.J.**

**{¶ 1}** Appellant, Vernon L. Yontz II, challenges the denial of his motion to modify the terms of his intervention-in-lieu-of-conviction ("ILC") supervision. The Fifth District Court of Appeals determined that the appeal was moot and declined to address the merits. Yontz asks this court to find that he need not violate the conditions of his supervision before he may challenge those conditions in court.

**{¶ 2}** Because we determine that Yontz is not challenging a final, appealable order, we vacate the court of appeals' judgment.

**Facts and procedural background**

**{¶ 3}** In 2017, Yontz was charged with aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(C)(1)(a). He was alleged to have had nine oxycodone pills in his possession.

**{¶ 4}** On June 5, 2019, Yontz requested ILC under R.C. 2951.041. The request stated, among other things, that Yontz was "willing to comply with all terms and conditions imposed by [the] Court," "that an intervention plan may be established for him," "that he [would] be required to abstain from the use of illegal drugs and alcohol[,] and that he [would] have to submit to regular random testing for drug and alcohol use." The state did not oppose Yontz's request.

**{¶ 5}** On September 23, 2019, following a hearing, the trial court granted the request for ILC. The entry ordered that Yontz be placed on "probation-like supervision" for at least one year, with the possibility to extend it up to three years, "under any terms and conditions the Adult Probation Department deems appropriate." The entry stated that in addition to Yontz's being subject to the standard terms and conditions, he would also be subject to the following specific terms and conditions:

> A.    Defendant shall continue in, and successfully complete, the drug/alcohol treatment program through Noble Behavioral Health Choices. Defendant shall cause regular progress reports, together with verification of successful completion of said program, to be submitted to his supervising officer.
>
> B.    Defendant shall abstain from consuming alcohol and from using illegal drugs during his period of supervision.

2

C. Defendant shall be subject to random drug/alcohol screenings.

{¶ 6} The entry also notified Yontz that any violation of the terms of his supervision could result in a judgment of conviction being entered, followed by the imposition of a prison sentence of up to 12 months. The entry ordered Yontz to meet with the Guernsey County probation department immediately following the hearing to sign a document outlining the terms and conditions of his supervision. Finally, the entry noted, "All further proceedings shall be STAYED in this case pending Defendant's successful completion of drug/alcohol treatment or further Orders of this Court." (Capitalization sic.)

{¶ 7} Also on September 23, 2019, Yontz signed the Guernsey County adult probation department's written policy on prescription medications. That document stated, "If a doctor prescribes you any type of medication, it is your responsibility to inform him/her that you are in recovery and receive random drug tests." It also stated, "Suboxone will not be an approved medication. If you are currently prescribed Suboxone, you must see your physician to obtain a safe titration plan. You must be weaned off within 60 to 90 days." Yontz had reported having a prescription for Suboxone as of August 20, 2019.

{¶ 8} On March 23, 2020, Yontz moved to modify the terms of his ILC supervision. Specifically, he requested that the terms of his supervision be modified to permit him to demonstrate that his access to Suboxone is medically necessary. The motion noted that he had used opiates for more than 20 years and was diagnosed in 2017 with severe opioid-use disorder. The motion asserted that the conditions of ILC supervision, specifically the condition that Yontz stop the use of Suboxone, violated Title II of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., and the Equal Protection Clauses of both the United States and Ohio Constitutions. In response, the state argued that Yontz was not a "protected person"

under the Americans with Disabilities Act, because it claimed he had tested positive for THC while on supervision. The trial court ultimately denied Yontz's motion.

{¶ 9} On appeal, Yontz reasserted his Americans with Disabilities Act and Equal Protection arguments regarding the probation department's policy on Suboxone use. Yontz asked the court of appeals to reverse the trial court's denial of the motion to modify and to remand for the trial court to determine whether Yontz's access to Suboxone is medically necessary. In response, the state asserted that the appeal was moot because Yontz had completed his treatment plan, had "successfully navigated the intervention in lieu of conviction process," and was no longer on Suboxone therapy. On the merits, the state argued that the trial court did not err in denying Yontz's motion.

{¶ 10} The Fifth District Court of Appeals concluded that the appeal was moot and explained:

> In the case at bar, no evidence was presented in the record that Yontz failed to comply with the September 23, 2019 directive from the probation department concerning tapering off of Suboxone. There is no evidence that Yontz has used Suboxone after December, 2019. There is no report from Noble [Behavioral Health Choices, Inc.] concerning the medication withdrawal plan (also called a taper) signed by Yontz and the probation department on September 23, 2019. There is no report from either Noble or the Zanesville Treatment Center after August 20, 2019. Accordingly, there is no evidence that the trial court needs to modify Yontz's ILC to include the use of Suboxone.

2021-Ohio-382, ¶ 19.

{¶ 11} This court accepted a discretionary appeal to consider a single proposition of law: "A person subject to conditions of supervision is not required to violate those conditions in order to challenge their illegality." *See* 163 Ohio St.3d 1439, 2021-Ohio-1896, 168 N.E.3d 1197.

{¶ 12} In his merit brief, Yontz argues that the case is not moot, because he is harmed by experiencing the ongoing negative symptoms of opioid-use disorder while subject to the conditions of supervision. Yontz further argues that the appeal is ripe for review because his decision to titrate off Suboxone was made only to comply with the probation department's policy and not because medical providers recommended it. Therefore, Yontz asserts, he has been unable to continue life-saving treatment.

{¶ 13} The state did not file a merit brief and, therefore, was not permitted to participate in oral argument pursuant to S.Ct.Prac.R. 17.03.

**Analysis**

{¶ 14} Before we can address the merits of Yontz's proposition of law, we must determine whether this appeal stems from a final, appealable order. This court's appellate jurisdiction extends only to orders that are final and appealable. Ohio Constitution, Article IV, Sections 2(B)(2) and 3(B)(2). Whether there is a final order is a jurisdictional issue that cannot be waived, and this court may address it sua sponte. *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 7. To determine whether an order is final and appealable, we look to the requirements of R.C. 2505.02. *Id.*

{¶ 15} R.C. 2505.02(B) describes final orders and states, in part:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

* * *

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

{¶ 16} We conclude that the trial court's order denying Yontz's motion to modify the terms of his ILC supervision does not fall into any of these categories and therefore was not a final, appealable order.

{¶ 17} Ohio appellate courts have held that a decision granting ILC is not appealable by a defendant under R.C. 2505.02(B)(1) or R.C. 2505.02(B)(2). *See State v. Slack*, 2d Dist. Montgomery No. 28921, 2021-Ohio-974, ¶ 5, citing *State v. Hightower-Goins*, 2d Dist. Montgomery No. 28744 (Oct. 7, 2020); *State v. Woods*, 2d Dist. Montgomery No. 28479 (Sept. 24, 2019); *State v. Lewis*, 2d Dist. Champaign No. 2016-CA-29, 2017-Ohio-8604, ¶ 3-7; *State v. Dempsey*, 8th Dist. Cuyahoga No. 82154, 2003-Ohio-2579, ¶ 9; *State v. Bellman*, 9th Dist. Lorain No. 15CA010525, 2015-Ohio-2303, ¶ 10. We find these decisions to be persuasive.

{¶ 18} Under an ILC order, as here, the proceedings are stayed pending a defendant's successful completion of the terms of ILC. *See* R.C. 2951.041(C).

Consequently, an order granting ILC does not contain a conviction or a sentence and, therefore, the criminal case is not yet complete while a defendant is subject to the terms of ILC. *Slack* at ¶ 4; *see also State v. White*, 156 Ohio St.3d 536, 2019-Ohio-1215, 130 N.E.3d 247, ¶ 13 ("When valid, a judgment of conviction is a final order under R.C. 2505.02(B)(2)"). Accordingly, it cannot be said that the grant of ILC "determines the action" as required under R.C. 2505.02(B)(1).

{¶ 19} Appellate courts also have found that an order granting ILC does not satisfy the requirements for a final order under R.C. 2505.02(B)(1) and (B)(2) because it is permissive and, therefore, does not implicate a substantial right. *Slack* at ¶ 6; *see also In re B.D.*, 2020-Ohio-4128, 157 N.E.3d 400, ¶ 9 (1st Dist.) ("With regard to the finality of an order arising under R.C. 2951.041 though, courts uniformly reject the notion that intervention in lieu of conviction satisfies a final order under R.C. 2505.02(B)(2), largely hinging their determinations on the permissive nature of the statute"); *Bellman* at ¶ 10 ("R.C. 2951.041 is permissive in nature and confers substantial discretion to the trial court to grant a defendant's request without providing for appellate review"). R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2951.041(A)(1) provides that a trial court "*may* accept, prior to the entry of a guilty plea, the [defendant's] request for intervention in lieu of conviction" if certain statutory conditions apply. (Emphasis added.) This language demonstrates the permissive nature of ILC; "it is a special opportunity provided to select defendants who are deemed eligible by the trial court." *Dempsey*, 2003-Ohio-2579, at ¶ 9. For these reasons, we agree that ILC is not a right to which

a defendant is entitled.[1]  Thus, it cannot be said that an order denying the modification of the terms of ILC affects a substantial right.

{¶ 20} At least one appellate court has also concluded that ILC is not an ancillary proceeding and that, therefore, an order granting ILC cannot meet the definition of a "provisional remedy" required for the type of final order described in R.C. 2505.02(B)(4).  *Bellman*, 2015-Ohio-2303, at ¶ 11.  R.C. 2505.02(B)(4) describes a final order as an order that grants or denies a provisional remedy and that "in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy" and does not afford the appealing party a "meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."  Relevant here, R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence."  In *Bellman*, the court concluded that ILC is not an ancillary proceeding "as it does not aid or further the principal proceeding."  *Bellman* at ¶ 11.  The *Bellman* court noted that ILC is not a separate matter from trial on the merits or a proceeding with its own life, in contrast to a preliminary-injunction proceeding, which is specifically referred to in the statute as an example of an ancillary proceeding under the definition of a provisional remedy. *Id.*

{¶ 21} To emphasize, Yontz does not challenge the order granting ILC; he instead challenges the order denying a modification of the *terms* of ILC.  Thus, even if an order granting or denying ILC is "a proceeding ancillary to an action" under R.C. 2505.02(A)(3), we cannot say that the order denying the modification

---

1. We note that some courts of appeals have found that the state has a substantial right to appeal an order granting ILC.  *Slack* at ¶ 7.  Because that scenario is not before us, we do not address the propriety of those decisions.

of the specific terms of ILC "in effect determines the action" or "prevents a judgment in the action in favor of the appealing party," as required under R.C. 2505.02(B)(4)(a). *See, e.g.*, *Bellman* at ¶ 15 (Moore, J., concurring in judgment only) (noting that Bellman was not challenging the judgment on the provisional remedy, but rather, only a term of the remedy). Here, in fact, the court of appeals noted that there was no evidence in the record that Yontz had failed to comply with the probation department's directive to titrate off Suboxone and that there was no evidence Yontz had used Suboxone after December 2019. 2021-Ohio-382, at ¶ 14. And in Yontz's merit brief to this court, he represents that he filed the motion to modify the terms of his ILC supervision "three months after he completed his titration off Suboxone pursuant to the Department's policy." Thus, we cannot say that the order denying a modification of a condition of ILC supervision with which Yontz had already complied prevented a judgment in the action in his favor. Accordingly, we conclude that Yontz has not appealed a final order under R.C. 2505.02(B)(4).

{¶ 22} We recognize that Yontz's brief and the brief filed by amicus curiae detail the significant body of scientific and medical research indicating why ongoing treatment with Suboxone might provide Yontz, as he describes it in his brief, with "the best possible chance of successful rehabilitation while under local supervision." But those concerns do not convert the order denying the modification of the conditions of ILC into a final order.

### Conclusion

{¶ 23} Because the order denying the modification of the conditions of ILC is not a final appealable order, we vacate the judgment of the Fifth District Court of Appeals.

Judgment vacated.

KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

BRUNNER, J., concurs in judgment only.

_____

Timothy Young, Ohio Public Defender, and Carly M. Edelstein, Assistant State Public Defender, for appellant.

Sally Friedman and Rebekah Joab, Legal Action Center, and David J. Carey and Freda J. Levenson, American Civil Liberties Union of Ohio Foundation, in support of appellant for amici curiae Public Health Scholars and Treatment and Recovery Organizations and Professionals.

_____