[Cite as *Hover v. D'Apolito*, 2023-Ohio-333.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

RANDALL L. HOVER,

Relator,

v.

JUDGE ANTHONY M. D'APOLITO,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No.** 22 MA 0108

---

Writ of Mandamus

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Randall L. Hover*, *pro se*, P.O. Box 8000, Conneaut, Ohio 44030, Relator and

*Atty. Paul J. Gains*, Mahoning County Prosecutor, *Atty. Edward A. Czopur*, Assistant Mahoning County Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman St., 6th Floor, Youngstown, Ohio 44503 for Respondent.

**Dated:** January 31, 2023

**PER CURIAM.**

{¶1}    Relator Randall L. Hover has filed this original action in mandamus seeking to have this court compel Respondent Judge Anthony M. D'Apolito to grant him 306 days jail-time credit or to issue findings of fact and conclusions of law from which he could lodge an appeal.  Respondent has filed a Civ.R. 12(B)(6) motion to dismiss contending Relator had an adequate remedy in the ordinary course of law to challenge the allocation of jail-time credit via either of his direct appeals, or an appeal of the trial court's recent denial of his motion for jail time credit.  Upon reviewing Relator's petition, this court concludes that he has failed to state a viable claim for a writ of mandamus, necessitating dismissal.

{¶2}    In order to be entitled to a writ of mandamus, the relator must demonstrate the following: (1) they have a clear legal right to the relief, (2) the respondent has a clear legal duty to provide that relief, and (3) they have no adequate remedy at law. *State ex rel. Taxpayers for Westerville Schools v. Franklin Cty. Bd. of Elections*, 133 Ohio St.3d 153, 2012-Ohio-4267, 976 N.E.2d 890, ¶ 12.  A motion to dismiss a complaint for a writ of mandamus should be granted if it appears beyond doubt that, after presuming the truth of all material factual allegations in the complaint and drawing all reasonable inferences in the relator's favor, the relator is not entitled to the requested extraordinary relief. *State ex rel. Sapp v. Franklin Cty. Court of Appeals,* 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 13; *State ex rel. Scott v. Cleveland,* 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14.

{¶3}    Relator's petition is premised entirely upon Respondent's adjudication of the motion for jail-time credit he filed on June 23, 2022.  Respondent denied the motion in a judgment entry issued on September 22, 2022, which Relator has included as an exhibit to his petition.

{¶4}    Ohio statutory law specifically precludes the type of relief Relator is seeking here in mandamus: "The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but *it cannot control judicial discretion*." (Emphasis added.) R.C. 2731.03.  In other words, mandamus may be available to compel a trial court judge to rule on a pending motion in certain circumstances, but it is practically and legally unfeasible to compel and direct a trial court judge in how they exercise their discretion in making their determination.

Case No. 22 MA 0108

{¶5}     Inmates have attempted to use mandamus to acquire additional jail-time credit in the past, but the Supreme Court of Ohio has rejected the notion: "alleged errors regarding an award of jail-time credit are not cognizable in mandamus, because the inmate may raise that issue in his direct appeal of his criminal conviction * * * or in a postsentence motion to correct jail-time credit." *State ex rel. Sands v. Culotta*, 165 Ohio St.3d 172, 2021-Ohio-1137, 176 N.E.3d 735, ¶ 12. Because there is an adequate remedy in the ordinary course of the law, a writ of mandamus against the sentencing judge will not lie. *See State ex rel. Jones v. O'Connor*, 84 Ohio St.3d 426, 704 N.E.2d 1223 (1999); *see also State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 13 ("the denial of a motion for jail-time credit pursuant to R.C. 2929.19(B)(2)(g)(iii) is a final, appealable order").

{¶6}     Under the facts and circumstances of this case, Relator's clear legal right to relief was to have a ruling upon his motion for jail-time credit. And it was Respondent who had a clear legal duty to provide that relief. Respondent provided that relief when he denied the motion in the judgment entry issued on September 22, 2022. The issue of whether that entry contained findings of fact and conclusions of law relates to the manner in which Respondent exercised his judicial discretion. Therefore, mandamus is not available to Relator here. And, as counsel for Respondent correctly points out, Relator has or had an adequate remedy at law in the ordinary course of the law by way of an appeal of that entry.

{¶7}     Accordingly, in consideration of the foregoing, IT IS ORDERED by the court that Respondent's motion to dismiss is hereby GRANTED and this original action is hereby DISMISSED. Writ denied.

{¶8}     IT IS FURTHER ORDERED by the court, pursuant to Civ.R. 58, that the Clerk of the Mahoning County Court of Appeals shall immediately serve upon all parties (including unrepresented or self-represented parties) notice of this judgment and its date of entry upon the journal. Costs assessed to Relator.

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

Case No. 22 MA 0108