[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wright v. Madison Cty. Clerk of Courts*, Slip Opinion No. 2026-Ohio-598.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-598

THE STATE EX REL. WRIGHT, APPELLANT, *v.* MADISON [COUNTY] CLERK OF COURTS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Wright v. Madison Cty. Clerk of Courts*, Slip Opinion No. 2026-Ohio-598.]

*Mandamus—Appellant had adequate remedy in ordinary course of law to challenge voluntariness of his guilty plea in that all arguments made in his petition could have been made on direct appeal from his conviction—Court of appeals' judgment granting clerk's motion to dismiss granted.*

(No. 2025-0842—Submitted November 18, 2025—Decided February 25, 2026.)

APPEAL from the Court of Appeals for Madison County, No. CA2025-01-001.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Ramone Wright, appeals the judgment of the Twelfth District Court of Appeals dismissing his petition for a writ of mandamus against appellee, the Madison County Clerk of Courts. Wright requested a writ of mandamus to compel the clerk to vacate Wright's allegedly unconstitutional 2008 conviction in Madison County Municipal Court on an unspecified charge. Because Wright had an adequate remedy in the ordinary course of the law through direct appeal, we affirm the Twelfth District's judgment.

{¶ 2} In lieu of a merit brief, the clerk filed a document styled as a "motion to dismiss the appeal of the denial of the writ of mandamus." We deny this motion.

## I. BACKGROUND

{¶ 3} Wright is incarcerated at a federal prison in South Carolina. In January 2025, he filed a petition for a writ of mandamus in the Twelfth District against the clerk. Although difficult to understand, the petition appears to refer to a case in Madison County Municipal Court in which Wright pleaded guilty to an unspecified charge in 2008. He alleged that his guilty plea in that case was involuntary due to prosecutorial misconduct and judicial fraud. In his petition, Wright requested a writ directing the clerk "[t]o examine the record pertaining to reconfiguration of citation violation to cure defect, pursuant to substantial error" and to "vacate [his] unconstitutional conviction."

{¶ 4} In February 2025, the clerk filed a motion to dismiss, arguing that the requested relief in mandamus was unavailable because Wright had failed to file a direct appeal or a petition for postconviction relief, which were adequate remedies in the ordinary course of the law. The Twelfth District granted the clerk's motion, holding that the petition failed to set forth a clear legal right to the relief requested or a clear legal duty on the part of the clerk to grant the requested relief. The court also held that Wright had an adequate remedy at law in that all the arguments made in the petition could have been made on direct appeal.

{¶ 5} Wright has appealed to this court as of right.

## II. ANALYSIS

### A. The Clerk's Motion to Dismiss Is Denied

{¶ 6} Instead of filing a merit brief under S.Ct.Prac.R. 16.03, the clerk filed a document styled as a "motion to dismiss the appeal of the denial of the writ of mandamus." This document is substantially similar to the motion to dismiss that the clerk filed below. Because the motion does not cite any authority establishing that Wright's appeal as of right to this court should be dismissed, we deny the motion.

### B. The Twelfth District Correctly Dismissed Wright's Petition

{¶ 7} We review de novo a decision granting a motion to dismiss for failure to state a claim. *State ex rel. Sands v. Culotta*, 2021-Ohio-1137, ¶ 11. "For a court to dismiss a mandamus complaint . . . for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in the relator's favor." *Id*. To be entitled to a writ of mandamus, Wright must establish a clear legal right to the requested relief, a clear legal duty on the part of the clerk to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Casey v. Brown*, 2023-Ohio-2264, ¶ 15; *see also* R.C. 2731.05 ("The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law.").

{¶ 8} In his petition for a writ of mandamus, Wright alleged that his guilty plea in the municipal-court case was involuntary and that he was entitled to an order vacating his conviction. On appeal, Wright further alleges that he was later convicted in a federal case for operating a motor vehicle while under the influence of alcohol and that his Madison County conviction was used "as an enhancement" in the federal case.

**{¶ 9}** However, Wright's petition does not state a cognizable mandamus claim. In seeking to vacate his guilty plea, Wright is making arguments that he could have and should have made in an appeal from his conviction. *See Shoop v. State*, 2015-Ohio-2068, ¶ 9. Thus, Wright had an adequate remedy in the ordinary course of the law for asserting the claim that his guilty plea was involuntary. *See Thompson v. Donnelly*, 2018-Ohio-4073, ¶ 6 (holding that direct appeal was an adequate remedy to challenge voluntariness of plea).

**{¶ 10}** Because Wright has failed to state a cognizable claim in mandamus, the Twelfth District correctly granted the clerk's motion to dismiss.

### III. CONCLUSION

**{¶ 11}** We deny the clerk's motion to dismiss the appeal, and we affirm the judgment of the Twelfth District dismissing Wright's petition for a writ of mandamus.

Judgment affirmed.

_____

Ramone Wright, pro se.

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price and Michael S. Klamo, Assistant Prosecuting Attorneys, for appellee.

_____