[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Priest v. Dankof,* Slip Opinion No. 2015-Ohio-165.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-165

THE STATE EX REL. PRIEST, APPELLANT, *v.* DANKOF, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Priest v. Dankof,*

Slip Opinion No. 2015-Ohio-165.]

*Mandamus—Alleged flaws in sentencing entry—Relator had adequate remedy at law in direct appeal—Judgment dismissing mandamus action affirmed.*

(No. 2014-0282—Submitted January 14, 2015—Decided January 22, 2015.)

APPEAL from the Court of Appeals for Montgomery County,

No. 25978, 2014-Ohio-540.

_____

**Per Curiam.**

{¶ 1}  We affirm the judgment of the court of appeals granting the motion to dismiss of appellee, Judge Steven K. Dankof of the Montgomery County Court of Common Pleas, and dismissing the petition of appellant, Gregory L. Priest, for a writ of mandamus.  Because Priest has an adequate remedy at law, he is not entitled to the writ.

{¶ 2}  To obtain a writ of mandamus, Priest must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Dankof to grant

it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Appeal is generally considered an adequate remedy sufficient to preclude a writ. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus.

{¶ 3} In August 2010, Priest appealed his conviction for two felonies to the Montgomery County Court of Appeals. A few weeks later, the court of appeals ordered Priest to show cause why his appeal should not be dismissed for lack of a final, appealable order. The court stated that the sentencing entry may not be in compliance with R.C. 2505.02 and Crim.R. 32(C), citing *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, under which, at the time, a judgment of conviction was not considered final and appealable if it did not set forth in one document the plea, verdict, or finding of the court upon which the conviction is based, the sentence, the signature of the judge, and entry on the journal by the clerk.

{¶ 4} In response, Priest returned to the trial court and moved for a revised termination entry. Judge Wiseman of that court entered a nunc pro tunc entry stating that the conviction was the result of guilty verdicts by a jury. The court of appeals deemed the error cured by the nunc pro tunc entry and proceeded with the appeal. Eventually, the court affirmed Priest's conviction. We declined jurisdiction on his further appeal. *State v. Priest,* 131 Ohio St.3d 1439, 2012-Ohio-331, 960 N.E.2d 988.

{¶ 5} Priest later filed this action for a writ of mandamus, asserting that Judge Wiseman did not have the authority to sign the nunc pro tunc entry correcting his sentencing entry and making various arguments regarding the sufficiency and appealability of the January 14, 2011 nunc pro tunc entry and "[t]he other judgment entries in question." Priest sought to compel Judge Dankof

to sign the nunc pro tunc entry as the successor to the retired judge who was originally assigned to the case.

{¶ 6} The court of appeals granted Judge Dankof's motion to dismiss, finding that the original judgment entry of August 24, 2010 was a final, appealable order, as corrected by the nunc pro tunc order.

{¶ 7} We affirm. Any arguments regarding flaws in the original August 24, 2010 order or the January 14, 2011 nunc pro tunc order could have been made in Priest's original appeal. The appeal was still pending and, indeed, had not yet been briefed at the time of the common pleas court's nunc pro tunc correction. Priest therefore had an opportunity to challenge the orders, and he thus had an adequate remedy at law by way of appeal.

{¶ 8} The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Gregory L. Priest, pro se.

Mathias Heck, Montgomery County Prosecuting Attorney, and Carley J. Ingram, Assistant Prosecuting Attorney, for appellee.

_____