[Cite as *State v. Tillison*, 2018-Ohio-3217.]

STATE OF OHIO            )                    IN THE COURT OF APPEALS
                        )ss:                 NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE          )

STATE OF OHIO                                 C.A. No.      17AP0013

    Appellee

    v.                                        APPEAL FROM JUDGMENT
                                              ENTERED IN THE
MARCUS D. TILLISON                            COURT OF COMMON PLEAS
                                              COUNTY OF WAYNE, OHIO
    Appellant                                 CASE No.      2016 CRC-I 000371

DECISION AND JOURNAL ENTRY

Dated: August 13, 2018

HENSAL, Judge.

{¶1}    Marcus Tillison appeals his convictions and sentences in the Wayne County Court of Common Pleas. For the following reasons, we dismiss the appeal.

I.

{¶2}    The Grand Jury indicted Mr. Tillison for one count of aggravated robbery and three counts of robbery. A jury found him guilty of the offenses, and the trial court sentenced him to seven years imprisonment. Mr. Tillison has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTIONS FOR AGGRAVATED ROBBERY, R.C. 2911.01(A); ROBBERY, R.C. 2911.02(A)(1); ROBBERY, R.C. 2911.02(A)(2); AND ROBBERY, R.C. 2911.02(A)(3), WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE.

ASSIGNMENT OF ERROR II

APPELLANT'S CONVICTIONS FOR AGGRAVATED ROBBERY, R.C. 2911.01(A)(1), AND ROBBERY, R.C. 2911.02(A)(1), WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶3} Mr. Tillison argues that his convictions are not supported by sufficient evidence and were against the manifest weight of the evidence. As an initial matter, we must review this Court's jurisdiction over the appeal.

{¶4} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, paragraph one of the syllabus. The trial court's original judgment entry noted that the jury had found Mr. Tillison guilty of one count of aggravated robbery and three counts of robbery. It sentenced him to seven years imprisonment "under Count 1, for the violation of R.C. 2911.01(A)(1)[,]" which is the aggravated robbery count. It did not sentence him, however, for any of the robbery counts. It also did not indicate that the robbery counts had merged with the aggravated robbery count or that they had been dismissed[1]. The trial court's original judgment entry, therefore, was not final and appealable under Revised Code Section 2502.02 because it did not sentence him for every offense. *State v. Abel*, 9th Dist. Lorain No. 08CA009310, 2008-Ohio-4938, ¶ 8 (concluding that this Court lacked jurisdiction because the judgment of conviction only sentenced the defendant on five of six charges).

{¶5} After Mr. Tillison filed his notice of appeal, the trial court attempted to amend its judgment entry to add a sentence explaining that "[c]ounts 1, 2, 3, and 4 are allied offenses of

---

[1] We note that, at the sentencing hearing, the trial court found that the robbery counts were allied offenses of similar import. It explained to Mr. Tillison that, because the other counts were allied, it was only going to sentence him on Count 1.

similar import." Once an appeal is perfected, however, "the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, ¶ 8. Even a nunc pro tunc order that corrects a clerical error is "inconsistent with this court's authority to review the decision." *Johnston Coca-Cola Bottling Co. v. Hamilton Cty. Bd. of Revision*, 149 Ohio St.3d 155, 2017-Ohio-870, ¶ 39; *see State v. Smith*, 2d Dist. Greene No. 2010-CA-63, 2011-Ohio-5986, ¶ 9 (collecting cases recognizing "that a trial court cannot file a nunc pro tunc entry while a case is pending on appeal").

{¶6}  The trial court's original judgment entry was not final and appealable. *Abel* at ¶ 8. The amended judgment entry is a nullity because the court entered it while an appeal was pending. *Johnston Coca-Cola Bottling Co.* at ¶ 40. We, therefore, conclude that we do not have jurisdiction to consider Mr. Tillison's appeal. The attempted appeal must be dismissed.

III.

{¶7}  For the above reasons, we conclude that this Court does not have jurisdiction to consider Mr. Tillison's appeal. His attempted appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶8}   I respectfully dissent from the majority's conclusion that this Court lacks subject matter jurisdiction to hear this appeal for the reasons enunciated in my dissent in *State v. Goodwin*, 9th Dist. Summit No. 23337, 2007-Ohio-2343, ¶ 16-25.  Accordingly, I would decide this appeal on its merits.

APPEARANCES:

MATTHEW J. MALONE, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.