[Cite as *State ex rel. Harris v. Rothgery*, 2025-Ohio-1299.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. ISAIAH S.
HARRIS, SR.

     Relator

     v.

HONORABLE CHRISTOPHER R.
ROTHGERY

     Respondent

C.A. No. 24CA012122

ORIGINAL ACTION IN
MANDAMUS AND
PROHIBITION

Dated: April 14, 2025

PER CURIAM.

{¶1} Relator, Isaiah Harris, has petitioned this Court for writs of mandamus and prohibition. Respondent, Judge Rothgery, has moved to dismiss. Mr. Harris replied in opposition. Because Mr. Harris is not entitled to the writs of mandamus or prohibition based on the claims set forth in the complaint, the motion to dismiss is granted.

*Standard for Motion to Dismiss*

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). Mr. Harris' complaint can only be dismissed when, having viewed all of the factual allegations as true and making all reasonable inference in his favor, it appears beyond doubt that Mr. Harris can prove no set of facts that would entitle him to the relief requested. *Goudlock v.*

*Voorhies*, 2008-Ohio-4787, ¶ 7. With this standard in mind, we turn to consider the requirements for granting the writs and the claims raised in the complaint.

*Requirements for Writs of Mandamus and Prohibition*

{¶3} Mr. Harris sought two writs based on the same facts. "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The relator must demonstrate all three elements in order for this Court to grant the writ of mandamus.

{¶4} For this Court to issue a writ of prohibition, Mr. Harris must establish, by clear and convincing evidence, (1) the exercise of judicial power, (2) the exercise of that power is unauthorized by law, and (3) an injury would result from denial of the writ for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Edward Smith Corp. v. Marsh*, 2024-Ohio-201, ¶ 6.

{¶5} Although the complaint seeks both the writ of mandamus and the writ of prohibition, the prayer for relief focuses only on the writ of mandamus. It is apparent from a review of the complaint that it seeks the same relief under both writs, so we will consider them together.

*Factual Background*

{¶6} With these standards in mind, we begin with the facts alleged in the complaint. Mr. Harris' complaint begins with his criminal convictions in May 2009 in three criminal cases in the Lorain County Court of Common Pleas. In June 2009, Mr. Harris appealed his convictions in all three cases to this Court.

**{¶7}** In December 2009, while the appeal was pending, Judge Rothgery filed a nunc pro tunc sentencing entry. According to the complaint, the nunc pro tunc entry corrected the postrelease control portion of Mr. Harris' sentence, changing "up to five years" to simply "five years." The complaint alleges that the original sentence was void because of the improper postrelease control notification. The complaint further alleges that Judge Rothgery, Mr. Harris' appellate counsel, and the three judges who decided his direct appeal, all engaged in a conspiracy to violate Mr. Harris' due process rights.

**{¶8}** The complaint contends that, at the time of his direct appeal, Judge Rothgery could not change his void sentence without first vacating the void sentence and ordering a resentencing hearing. According to the complaint, this Court violated Mr. Harris' rights by allowing his appeal to proceed when his sentence was void. In addition, the complaint alleges that Judge Rothgery's nunc pro tunc sentencing entry was entered without jurisdiction, because the direct appeal was pending, and violated the *Baker* one-document rule. The complaint then spends many pages reviewing the law that, at the time, applied to errors in postrelease control notifications as well as explaining how the judges and attorneys who participated in the direct appeal conspired to violate Mr. Harris' rights.

**{¶9}** The complaint asks this Court to grant the writ of mandamus to order Judge Rothgery to vacate the May 2009 sentencing entry, the December 2009 nunc pro tunc sentencing entry, and resentence Mr. Harris under current law and to compel the publication of the facts alleged in the complaint to be filed in newspapers of general circulation. As noted above, although the complaint sets forth the standard for granting a writ of prohibition, it does not set forth a separate claim for granting this writ, so it will be considered along with the writ of mandamus.

*The claim for the Writs of Mandamus and Prohibition*

{¶10}  Mr. Harris seeks the writs of mandamus and prohibition to order Judge Rothgery to vacate the original and nunc pro tunc sentencing entries and to resentence him.

{¶11}  Although not clearly articulated in the complaint, it appears that Mr. Harris seeks the writ of prohibition to order Judge Rothgery to correct the result of his prior unauthorized judicial acts.  As noted above, to issue a writ of prohibition, the relator must normally establish that the judge is about to exercise judicial power unauthorized by law and that the denial of the writ will result in injury for which no other adequate remedy exists.  *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997).  If the judge's lack of jurisdiction is patent and unambiguous, the relator need not establish the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 62.  In those cases, prohibition will lie both to prevent the unauthorized exercise of jurisdiction in the future and to provide relief from prior judicial actions taken without jurisdiction.  *State ex rel. Smith v. Frost*, 74 Ohio St.3d 107, 109 (1995); *State ex rel. Reynolds v. Kirby*, 2023-Ohio-782, ¶ 9.

{¶12}  In many prohibition cases, the relator only seeks to prevent anticipated unauthorized judicial action.  This reflects the well-established rule that the writ of prohibition provides a preventative rather than corrective remedy.  (Quotation omitted) *State ex rel. Feltner v. Cuyahoga Cnty. Bd. of Revision*, 2020-Ohio-3080, ¶ 6.  In this case, however, Mr. Harris seeks the writ to correct Judge Rothgery's past actions.  For a corrective writ of prohibition to issue, Mr. Harris must demonstrate that Judge Rothgery patently and unambiguously lacked jurisdiction to take the action about which he complains.  *Id.* at ¶ 6, 8.  Under these circumstances, Mr. Harris is not required to demonstrate that he lacked an adequate remedy in the ordinary course of the law.  *State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590 (1994).

{¶13} The complaint also seeks the writ of mandamus. The complaint must demonstrate that (1) Mr. Harris has a clear legal right to the relief prayed for, (2) Judge Rothgery is under a corresponding clear legal duty to perform the requested acts, and (3) Mr. Harris has no plain and adequate legal remedy. *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d at 176.

{¶14} The complaint sets forth two claims for relief: the May 2009 sentencing entry is void because of an error in the postrelease control notification and the December 2009 nunc pro tunc sentencing entry is void because it was entered while an appeal was pending. Mr. Harris is not entitled to relief on either claim.

*May 2009 Sentencing Entry*

{¶15} We begin with the allegation that the May 2009 sentence was void. This claim is based on the line of cases that concluded that an error in postrelease control rendered a judgment void. The cases upon which the complaint relies, however, have been overruled by *State v. Harper*, 2020-Ohio-2913. In that decision, the Supreme Court realigned its void judgment jurisprudence and held that when "a case is within a court's subject-matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing postrelease control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." *Id.* at ¶ 4.

{¶16} The complaint does not allege that the Lorain County Common Pleas Court and Judge Rothgery lacked subject-matter jurisdiction over the case or personal jurisdiction over Mr. Harris. "Because [Judge Rothgery] had the constitutional and statutory power to enter a finding of guilt and impose a sentence, any error in the exercise of [his] jurisdiction in failing to properly impose postrelease control rendered the judgment of conviction voidable, not void, and it is not

subject to collateral attack." *Id.* at ¶ 5. As it relates to this claim, having viewed all of the factual allegations as true and making all reasonable inference in his favor, it appears beyond doubt that Mr. Harris can prove no set of facts that would entitle him to the relief requested.

*December 2009 Nunc Pro Tunc Order*

{¶17} We next consider the claim that the December 2009 nunc pro tunc order was void. The complaint alleges this order was void for two reasons: (1) it was entered without first vacating the original sentencing entry and holding a resentencing hearing to impose a valid sentence, and (2) it was issued while the direct appeal was pending.

{¶18} The first allegation is that the December 2009 nunc pro tunc order was void because it was entered without vacating the original sentencing entry and holding a new sentencing hearing. There is no requirement that the original order be vacated before a nunc pro tunc order can be entered. The procedure suggested by the complaint would be inconsistent with the purpose of a nunc pro tunc order which is an order that merely corrects the record to reflect what the court actually decided. *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164 (1995). Based on the facts set forth in the complaint as to the first allegation, Mr. Harris is not entitled to the writs.

{¶19} The second allegation is that the nunc pro tunc order was void because it was entered while the direct appeal was pending. The sole basis for alleging the order was void is that it was entered while the appeal was pending, not that the common pleas court and Judge Rothgery lacked subject matter jurisdiction over the case.

{¶20} Pursuant to Crim.R. 36, a nunc pro tunc order may be entered at any time. *See, e.g., State ex rel. Parker v. Russo*, 2019-Ohio-4420, ¶ 12. As the Supreme Court noted in *Parker*, a defendant has alternative remedies to challenge a nunc pro tunc order and the opportunity to

appeal, if necessary. *Id.* Therefore, Mr. Harris had an adequate remedy at law to present this allegation and he is not entitled to the writs.

*Conclusion*

**{¶21}** We have fully considered Mr. Harris' complaint, Judge Rothgery's motion to dismiss, and Mr. Harris' response. When reviewing the motion to dismiss under Civ.R. 12(B)(6), we have presumed that the factual allegations in the complaint are true and made reasonable inferences in favor of Mr. Harris. *Wilkinson*, 69 Ohio St.3d at 490. After reviewing the complaint with these standards in mind, we conclude that it appears beyond doubt that Mr. Harris can prove no set of facts that would entitle him to the relief requested. *Goudlock*, 2008-Ohio-4787, ¶ 7. Accordingly, the motion to dismiss is granted.

**{¶22}** The case is dismissed. Costs taxed to Mr. Harris.

**{¶23}** The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ISAIAH HARRIS, Pro Se, Relator.

TONY CILLO, Prosecuting Attorney, and JACOB W. PULLAR, Assistant Prosecuting Attorney, for Respondent.