[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Rothgery*, Slip Opinion No. 2026-Ohio-578.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-578

THE STATE EX REL. HARRIS, APPELLANT, *v.* ROTHGERY, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Harris v. Rothgery*, Slip Opinion No. 2026-Ohio-578.]**

*Mandamus—Prohibition—Appellee-trial judge did not patently and unambiguously lack jurisdiction to sentence appellant or to issue nunc pro tunc order, and appellant had adequate remedies in ordinary course of law to challenge sentencing entry—A trial court does not patently and unambiguously lack jurisdiction to correct a judgment entry by issuing a nunc pro tunc order under Crim.R. 36 while an appeal from the judgment is pending—Court of appeals' judgment granting appellee's motion to dismiss affirmed.*

(No. 2025-0612—Submitted November 18, 2025—Decided February 24, 2026.)

APPEAL from the Court of Appeals for Lorain County,

No. 24CA012122, 2025-Ohio-1299.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} In 2009, appellant, Isaiah Harris, was convicted of various offenses and was sentenced by appellee, Judge Christopher Rothgery of the Lorain County Court of Common Pleas. The sentencing entry stated that Harris would be required to serve "up to" five years of postrelease control, even though a statutorily mandated five-year term applied. Harris appealed his convictions based on the sufficiency and weight of the evidence but did not raise the sentencing-entry error. While that appeal was pending, Judge Rothgery sua sponte issued a nunc pro tunc order correcting the sentencing entry to state that postrelease control was mandatory for a term of five years.

{¶ 2} In May 2024, Harris filed a complaint in the Ninth District Court of Appeals, seeking writs of mandamus and prohibition. Harris contended that his original sentence was void because of the error in imposing postrelease control and that Judge Rothgery lacked jurisdiction to issue the nunc pro tunc order correcting the sentencing entry because the case was already on appeal. Harris requested an order compelling Judge Rothgery to vacate both the original sentencing entry and the nunc pro tunc order and to resentence him. The Ninth District granted Judge Rothgery's motion to dismiss.

{¶ 3} Harris has appealed to this court and requested oral argument. After both parties filed merit briefs, Harris filed motions seeking judicial notice of certain matters and seeking sanctions against Judge Rothgery.

{¶ 4} Because Harris possessed adequate remedies in the ordinary course of the law to challenge both the original sentencing entry and the nunc pro tunc order, we affirm the Ninth District's judgment dismissing his complaint. We also deny

2

Harris's request for oral argument as well as his motions for judicial notice and for sanctions.

## I. FACTS AND PROCEDURAL HISTORY

### A. Harris's convictions and prior proceedings

{¶ 5} In May 2009, Harris was convicted in the Lorain County Court of Common Pleas of several criminal offenses in three separate cases, one of which included rape, and was sentenced to an aggregate term of 23 and a half years in prison. The sentencing entry in the rape case stated that postrelease control was mandatory for "up to a maximum of 5 years." Harris filed a direct appeal in each case, contending that the evidence was insufficient and that his convictions were against the manifest weight of the evidence. Harris did not raise the sentencing-entry error in his appeal in the rape case.

{¶ 6} In December 2009, while the three cases were still on appeal, Judge Rothgery issued a nunc pro tunc order amending the postrelease-control provision of the sentencing entry issued in Harris's rape case. Specifically, the nunc pro tunc order changed the entry's reference to postrelease control from "mandatory . . . in this case up to a maximum of 5 years" to "mandatory for 5 years." The Ninth District ultimately affirmed Harris's convictions. *State v. Harris*, 2010-Ohio-1081 (9th Dist.).

### B. Harris's complaint for writs of mandamus and prohibition

{¶ 7} In May 2024, Harris filed a complaint against Judge Rothgery in the Ninth District, seeking writs of mandamus and prohibition. Harris alleged that the original sentencing entry issued in the rape case, which provided for postrelease control for "up to" five years, was unauthorized by law and therefore void because, according to Harris, a "mandatory term of five years" of postrelease control applied to the case under R.C. 2967.28(B)(1). Harris further alleged that Judge Rothgery "patently and unambiguously lacked jurisdiction" to issue the nunc pro tunc order because Harris's appeal had divested the judge of jurisdiction.

3

**{¶ 8}** Based on these allegations, Harris requested that Judge Rothgery be compelled to vacate both the original sentencing entry and the nunc pro tunc order and that the judge be compelled to resentence Harris and publish a "truthful recitation of the facts within this writ . . . in newspapers of general circulation."

**{¶ 9}** Judge Rothgery filed a motion to dismiss Harris's complaint, which the Ninth District granted. Regarding Harris's claim that the original sentencing entry was void, the Ninth District relied on our decision in *State v. Harper*, 2020-Ohio-2913, to conclude that any error in Judge Rothgery's exercise of jurisdiction in imposing postrelease control in the rape case rendered the original judgment of sentence in that case "'voidable, not void.'" 2025-Ohio-1299, ¶ 15-16 (9th Dist.), quoting *Harper* at ¶ 5. Regarding the nunc pro tunc order, the Ninth District rejected Harris's argument that it was void because it was issued while the case was on direct appeal, explaining that Crim.R. 36 allows a nunc pro tunc entry "at any time" and that Harris had alternative remedies, including appeal, to challenge the order. *Id.* at ¶ 19-20. Thus, the Ninth District concluded, Harris could "prove no set of facts that would entitle him to the relief requested." *Id.* at ¶ 21.

**{¶ 10}** Harris appealed the dismissal to this court, both parties filed merit briefs, and Harris requested oral argument. After the briefs were filed, Harris filed two additional motions: one requesting judicial notice and one seeking sanctions against Judge Rothgery. Judge Rothgery did not file a response to either motion.

## II. ANALYSIS

**{¶ 11}** A motion to dismiss under Civ.R. 12(B)(6) is "procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9. The allegations in the complaint must be taken as true, reasonable inferences must be drawn in favor of the nonmoving party, and the motion may be granted only if it appears "'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" *Id.*, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975),

syllabus. We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *State ex rel. Sands v. Coulson*, 2021-Ohio-671, ¶ 6.

{¶ 12} Whether any set of facts may entitle Harris to recovery in turn depends on the applicable substantive law. To be entitled to a writ of mandamus, Harris must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of Judge Rothgery to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Husted v. Brunner*, 2009-Ohio-4805, ¶ 11. To be entitled to a writ of prohibition, Harris must establish that (1) Judge Rothgery has exercised judicial power, (2) the exercise of judicial power was unauthorized by law, and (3) denying the writ would result in injury for which there is no adequate remedy in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 2015-Ohio-3628, ¶ 13.

{¶ 13} If Judge Rothgery patently and unambiguously lacked jurisdiction, however, two things follow. First, Harris would not need to establish the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Sartini v. Yost*, 2002-Ohio-3317, ¶ 33; *see State ex rel. Steele v. McClelland*, 2018-Ohio-4011, ¶ 9 ("Absent a patent and unambiguous lack of jurisdiction, neither mandamus nor prohibition will lie if the relator has an adequate remedy in the ordinary course of the law."). And second, although a writ of prohibition is normally a prospective remedy, a writ of prohibition could be issued to correct a previous exercise by Judge Rothgery of judicial power. *E.g.*, *Sartini* at ¶ 24.

## A. Harris's request for oral argument

{¶ 14} Harris requests oral argument, though only by a parenthetical notation in the caption of his merit and reply briefs. Under S.Ct.Prac.R. 17.02(B), a "request for oral argument . . . shall be by motion." Regardless of the procedural propriety of his request, however, Harris has not shown that oral argument is necessary in this case.

{¶ 15} "Oral argument in a direct appeal is discretionary." *State ex rel. Scott v. Streetsboro*, 2016-Ohio-3308, ¶ 9. In determining whether to grant oral argument in a direct appeal, we consider "whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among the courts of appeals." *Id.* None of those factors are present here. Moreover, the parties' briefs are sufficient to resolve the issues raised in this case. *See State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 2006-Ohio-5339, ¶ 16. We deny Harris's request for oral argument.

**B. The Ninth District did not err in dismissing Harris's complaint**

{¶ 16} Harris asserts three propositions of law in challenging the Ninth District's judgment. First, he contends that the Ninth District erred in holding that a nunc pro tunc order may be entered at any time, including while an appeal is pending. Second, he argues that the Ninth District erred in holding that absent a lack of subject-matter or personal jurisdiction, any error in imposing postrelease control renders the judgment voidable rather than void. Finally, Harris argues that the Ninth District erred in holding that he had an adequate remedy in the ordinary course of the law to challenge the nunc pro tunc order as void.

*1. The Ninth District did not err in dismissing Harris's claims with respect to the original sentencing entry*

{¶ 17} Taking first his second proposition of law, Harris argues that his original sentence was void because Judge Rothgery imposed a term of postrelease control of "up to" five years instead of the definite five years required by statute. But as the Ninth District correctly determined, under our decision in *Harper*, this error rendered the sentence merely voidable rather than void. *See* 2020-Ohio-2913 at ¶ 42 ("When the sentencing court has jurisdiction to act, sentencing errors in the imposition of postrelease control render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal."). Harris does not dispute that Judge Rothgery had subject-matter and personal jurisdiction

to sentence him; therefore, the error in imposing postrelease control was an error in the exercise of that lawful jurisdiction. *See id.* at ¶ 41.

{¶ 18} Although Harris obliquely argues that *Harper* cannot apply because it was decided after his sentence became final, he is wrong. In *Harper*, we "overrule[d] our precedent to the extent that it [held] that the failure to properly impose postrelease control in the sentence renders that portion of a defendant's sentence void." *Id.* at ¶ 40. Generally, a decision of this court overruling one of our former decisions is "retrospective in its operation"—that is, "the effect is not that the former [decision] was bad law, but that it never was the law." *Peerless Elec. Co. v. Bowers*, 164 Ohio St. 209 (1955). And more specifically, on more than one occasion, we have applied our reasoning in *Harper* to cases involving convictions that became final before we issued *Harper*. *See, e.g.*, *State v. Hudson*, 2020-Ohio-3849, ¶ 5-6, 19 (defendant sentenced in 2006); *State v. Henderson*, 2020-Ohio-4784, ¶ 5, 44 (defendant sentenced in 1999).

{¶ 19} Thus, Harris's May 2009 sentence was not void but, rather, was voidable and subject to attack on direct appeal. Harris took a direct appeal from his convictions but did not raise the error in the sentencing entry. Because Judge Rothgery did not patently and unambiguously lack jurisdiction to sentence Harris and because Harris had an adequate remedy in the ordinary course of the law to challenge the May 2009 sentencing entry, Harris is not entitled to either a writ of mandamus or a writ of prohibition regarding his original sentence.

### 2. The Ninth District did not err in dismissing Harris's claims with respect to the nunc pro tunc order

{¶ 20} Likewise, neither of Harris's remaining propositions of law— pertaining to Judge Rothgery's nunc pro tunc order—entitle him to reversal of the Ninth District's judgment. Harris's claim for a writ of prohibition regarding the nunc pro tunc order can survive dismissal if he alleges either (1) that (a) the nunc pro tunc order was unauthorized by law *and* (b) he lacked an adequate remedy in

the ordinary course of the law or (2) that Judge Rothgery patently and unambiguously lacked jurisdiction to issue the nunc pro tunc order. *See Sartini*, 2002-Ohio-3317, at ¶ 33; *Elder*, 2015-Ohio-3628, at ¶ 13.

*a. Judge Rothgery did not patently and unambiguously lack jurisdiction to issue the nunc pro tunc order*

{¶ 21} Harris argued before the Ninth District—and reiterates here—that the nunc pro tunc order was unauthorized by law because once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *See, e.g.*, *State ex rel. Dobson v. Handwork*, 2020-Ohio-1069, ¶ 17. The Ninth District rejected this argument, *see* 2025-Ohio-1299 at ¶ 19-20 (9th Dist.), concluding that the nunc pro tunc order was authorized by Crim.R. 36, which permits "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission," to be corrected "by the court at any time."[1] The Ninth District went on to state that Harris had "alternative remedies to challenge [the] nunc pro tunc order and the opportunity to appeal." *Id.* at ¶ 20. Implicit in this conclusion is a determination that Judge Rothgery did not patently and unambiguously lack jurisdiction to issue the nunc pro tunc order, because the availability of an adequate remedy is relevant only when jurisdiction is not patently and unambiguously absent.

{¶ 22} Our prior decisions support the conclusion that Judge Rothgery did not patently and unambiguously lack jurisdiction to issue the nunc pro tunc order. One such precedent, cited in the Ninth District's opinion, is *State ex rel. Parker v. Russo*, 2019-Ohio-4420. In *Parker*, the relator pleaded guilty to murder, but the

---

1. Harris does not allege or argue that the nunc pro tunc order did anything beyond correcting a clerical error. For example, he does not suggest that the nunc pro tunc order did not reflect what the court "actually decided" at the sentencing hearing. *See State ex rel. Mayer v. Henson*, 2002-Ohio-6323, ¶ 14 (disapproving of trial court's using a nunc pro tunc entry to indicate "what the court intended to, but did not actually, decide"). Harris argues only that Judge Rothgery lacked jurisdiction to enter the nunc pro tunc order by virtue of Harris's pending appeal.

sentencing entry incorrectly stated that he had pleaded guilty to aggravated murder. The relator appealed, and while the case was on appeal, the trial-court judge journalized a nunc pro tunc entry clarifying that the relator had pleaded guilty only to murder. The relator later sought a writ of mandamus in the court of appeals, arguing, among other things, that the trial-court judge lacked jurisdiction to issue the nunc pro tunc entry because the relator had already appealed. The court of appeals granted summary judgment in the respondent's favor and denied the writ.

{¶ 23} On appeal to this court, we concluded that we did not need to reach the issue whether the trial court retained jurisdiction to make a nunc pro tunc correction after the relator had already filed an appeal, because the relator "had an adequate remedy at law to raise this argument in his direct appeal, in which the court of appeals considered both the original sentencing entry and the nunc pro tunc entry." *Id.* at ¶ 15. Had the trial court patently and unambiguously lacked jurisdiction to enter the nunc pro tunc correction, the relator's adequate remedy would not have been dispositive.

{¶ 24} We came to the same conclusion in the earlier case of *State ex rel. Priest v. Dankof*, 2015-Ohio-165. In *Priest*, the relator appealed his convictions for two felonies, and, a short time later, the court of appeals ordered him to show cause why the appeal should not be dismissed, noting that the sentencing entry may not have constituted a final, appealable order. The relator then requested a revised entry in the trial court, which obliged by entering a nunc pro tunc order revising the sentencing entry to reflect that the convictions had resulted from jury verdicts.

{¶ 25} The relator later filed a petition for a writ of mandamus in the court of appeals, asserting that the trial-court judge "did not have the authority to sign the nunc pro tunc entry correcting his sentencing entry and making various arguments regarding the sufficiency and appealability of the . . . nunc pro tunc entry." *Id.* at ¶ 5. The court of appeals dismissed the petition, and we affirmed that dismissal, reasoning that "[a]ny arguments regarding flaws in the . . . nunc pro tunc order"

could have been made in the original appeal, which was "still pending . . . at the time . . . of the common pleas court's nunc pro tunc correction," *id.* at ¶ 7.

{¶ 26} Because they were decided on adequate-remedy grounds, *Parker* and *Priest* illustrate that a trial court does not patently and unambiguously lack jurisdiction to correct a judgment entry by issuing a nunc pro tunc order under Crim.R. 36 while an appeal from the judgment is pending. In light of these authorities, Harris cannot establish that Judge Rothgery patently and unambiguously lacked jurisdiction to issue the nunc pro tunc order while Harris's appeal was pending.

*b. Harris possessed an adequate remedy in the ordinary course of the law to challenge the nunc pro tunc order*

{¶ 27} Because Judge Rothgery did not patently and unambiguously lack jurisdiction to issue the nunc pro tunc order, the only remaining question is whether Harris possessed an adequate remedy in the ordinary course of the law to obtain relief based on the sentencing-entry error in imposing postrelease control. We conclude that he did.

{¶ 28} In *Parker* and *Priest*, we held that the relators were not entitled to relief, because they could have challenged the respective nunc pro tunc entries in their direct appeals. *See Parker*, 2019-Ohio-4420, at ¶ 15; *Priest*, 2015-Ohio-165, at ¶ 7. It is less clear whether Harris could have done so here. That is, while Harris's appeal was still pending at the time of the nunc pro tunc correction, there is no indication that the court in his direct appeal actually considered the nunc pro tunc entry, as in *Parker*, *see Parker* at ¶ 15. And unlike the appeal in *Priest*, Harris's appeal was in the midst of briefing when the nunc pro tunc order was issued. *See Priest* at ¶ 7 ("Any arguments regarding flaws in the . . . nunc pro tunc order could have been made in Priest's original appeal[, which] was still pending and, indeed, had not yet been briefed at the time of the . . . nunc pro tunc correction.").

{¶ 29} But even if these differences are enough to distinguish *Parker* and *Priest* regarding Harris's ability to challenge the nunc pro tunc order in his direct appeal, alternative remedies in the ordinary course of the law were available to him. For example, he could have moved the trial court to vacate the nunc pro tunc order or to enter a revised sentencing entry and then appealed from a denial of that motion, if necessary. *See State ex rel. Henley v. Langer*, 2018-Ohio-5204, ¶ 4-6 (the relator's ability to appeal entry denying his motion for a new sentencing entry was an adequate remedy in ordinary course of law precluding mandamus relief); *State ex rel. Daniels v. Russo*, 2018-Ohio-5194, ¶ 12-14 (same).

{¶ 30} Because Judge Rothgery did not patently and unambiguously lack jurisdiction to enter the nunc pro tunc order correcting Harris's original sentencing entry and because Harris possessed adequate remedies in the ordinary course of the law, his complaint failed to state a claim for a writ of prohibition regarding the nunc pro tunc order. And because Harris's complaint also failed to state a claim for a writ of mandamus or a writ of prohibition regarding the original sentencing entry, we affirm the Ninth District's dismissal of his complaint.

### C. Harris's motions for judicial notice and for sanctions

{¶ 31} After the completion of merit briefing in this case, Harris filed a motion for judicial notice and a motion for sanctions against Judge Rothgery. We deny both motions.

### 1. Motion for judicial notice

{¶ 32} In his first motion, Harris asks this court to take judicial notice of certain "law" under Civ.R. 44.1(A)(1) and of certain "facts" under Evid.R. 201. Specifically, Harris requests that we take judicial notice of a 2018 Ninth District decision authored by Judge Hensal, who joined the per curiam opinion dismissing Harris's complaint below, which states that "[e]ven a nunc pro tunc order that corrects a clerical error is 'inconsistent with [the court of appeals'] authority to review the decision,'" *State v. Tillison*, 2018-Ohio-3217, ¶ 5 (9th Dist.), quoting

*Johnston Coca-Cola Bottling Co. v. Hamilton Cty. Bd. of Revision*, 2017-Ohio-870, ¶ 39. Harris also appears to request that we take judicial notice of Judge Hensal's "failure to acknowledge governing law within the Ninth Appellate District"—i.e., what Harris sees as the incompatibility of *Tillison* with the Ninth District's dismissal of his complaint.

{¶ 33} We deny Harris's requests. First, the gist of Harris's motion is that, in light of Judge Hensal's prior decision, the Ninth District here incorrectly decided a question of law. This is not an "adjudicative fact" subject to judicial notice, *see* Evid.R. 201(A) and (B), but merely a restatement of arguments raised in Harris's merit briefing. Second, in a direct appeal such as this, the appellate court is "generally limited to the record that was before the lower court." *State ex rel. Watkins v. McNamara*, 2025-Ohio-979, ¶ 7; *see also State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 16 ("A reviewing court generally may not add matter to the record before it and then decide the appeal on the basis of the new matter."). Finally, the *Tillison* case, which is not binding on this court, did not arise in the mandamus context and does not answer whether Judge Rothgery patently and unambiguously lacked jurisdiction to issue the nunc pro tunc order, as would be required for Harris's complaint to survive dismissal. *See Tillison* at ¶ 1, 5. It is therefore inapposite. *See State ex rel. Martre v. Reed*, 2024-Ohio-1624, ¶ 14 ("This court is under no obligation to take judicial notice of facts that are not significant to the disposition of the case before us.").

### 2. Motion for sanctions

{¶ 34} In his second motion, Harris asks us to "deem appellee's brief frivolous"—apparently a request to strike Judge Rothgery's merit brief—and to sanction him under Civ.R. 11. Civ.R. 11 states that an attorney's signature on a filing certifies the attorney's belief that "there is good ground to support" the filing and that it is "not interposed for delay." An attorney may be sanctioned for a "willful violation" of the rule, and the court may strike a filing signed with intent

to defeat the purpose of the rule. Civ.R. 11; *see also State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 2010-Ohio-5073, ¶ 8, quoting *Spiegel v. Beacon Participations, Inc.*, 297 Mass. 398, 416 (1937) (explaining that Civ.R. 11 sanctions are appropriate when the conduct "'imports a dishonest purpose or some moral obliquity,'" "'implies conscious doing of wrong,'" or is done "'with actual intent to mislead or deceive another'").

**{¶ 35}** In keeping with the theme of his motion for judicial notice, Harris suggests that, in light of *Tillison*, 2018-Ohio-3217, and *Parker*, 2019-Ohio-4420, Judge Rothgery's counsel may have lied by arguing that the judge had authority to issue the nunc pro tunc order while Harris's case was on appeal.

**{¶ 36}** We deny Harris's motion because, having reviewed the arguments made in Judge Rothgery's merit brief, we conclude that they are not frivolous or otherwise sanctionable. To the contrary, we affirm the judgment of the Ninth District on essentially the grounds urged by Judge Rothgery and conclude that *Parker* weighs in his favor.

### III. CONCLUSION

**{¶ 37}** For these reasons, we affirm the Ninth District Court of Appeals' judgment dismissing Harris's complaint. We also deny Harris's request for oral argument, motion for judicial notice, and motion for sanctions.

Judgment affirmed.

_____

Isaiah S. Harris Sr., pro se.

Anthony Cillo, Lorain County Prosecuting Attorney, and Leigh S. Prugh, Assistant Prosecuting Attorney, for appellee.

_____